CHICAGO—FIRST DISTRICT—MARCH, 1917.    353

S. S. Borden Co. v. Western Union Tel. Co., 204 Ill. App. 353.

## S. S. Borden Company, Defendant in Error, v. Western Union Telegraph Company, Plaintiff in Error.

### Gen. No. 21,965.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARTHUR J. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed March 20, 1917. Rehearing denied March 31, 1917.

### Statement of the Case.

Action by S. S. Borden Company, plaintiff, against the Western Union Telegraph Company, a corporation, defendant, in tort, to recover damages for mistransmission of a telegram. From a judgment for plaintiff, defendant brings error.

WEST & ECKHART, for plaintiff in error.

WALTER H. ECKERT, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in action for mistransmission of telegram is defective.* Where statement of claim alleged plaintiff's purchase of a carload of poultry from a certain company at Milan, Tennessee, and that plaintiff had instructed such company to ship to Pittsburgh, Pennsylvania; that plaintiff delivered to defendant a telegram addressed to the company at Milan, Tennessee, saying: "Bill car poultry Grant street"; that defendant transmitted the telegram to Martin, Tennessee; that the company was "instructed by the party receiving the telegram to ship said poultry to Grant street, Chicago," and that the car was shipped to Chicago, and plaintiff was compelled to forward it to Pittsburgh, causing damages complained of, *held* that

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such statement failed to state the essential elements of a tort on the part of the defendant, as the words "the party," construed most strongly against the plaintiff, reasonably supported the inference that the message was delivered in proper form but that some other than the defendant's agent was responsible for its misinterpretation, and also that such statement was defective in omitting any averment as to defendant's business or as to a duty owing from defendant to plaintiff.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment by default based upon defective statement of claim should be vacated.* A judgment based upon a statement of claim in a tort action which fails to state the essential elements of a tort cannot stand, even where entered after defendant's default, and should be vacated on motion.